UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALANTRA LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>APEX INDUSTRIAL TECHNOLOGIES LLC,<br><br>                    Defendant. | Civil Action No. 1:20-cv-10852-FDS<br><br>Leave to File Granted 7/24/20 |

**PLAINTIFF ALANTRA LLC'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS PURSUANT TO RULE 12(b)(6) and SPECIAL MOTION TO DISMISS PURSUANT TO G.L. c. 231, § 59H**

Plaintiff and Counterclaim Defendant Alantra LLC ("Alantra") submits this Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) and G.L. c. 231, § 59H (the "Motion"). As set forth more fully in the Memorandum of Law submitted with the Motion and as supported by the Affidavit of Scott W. Hadfield ("Hadfield Aff."), the Counterclaims asserted by Defendant and Counterclaim Plaintiff Apex Industrial Technologies LLC ("Apex") alleging breaches of contract and fiduciary fail as a matter of law because the disclosure of information ▊▊▊▊▊▊ that Apex contends is confidential, has not caused Apex any damages. Without Apex having sustained any damages to date, its claims for breach of contract and breach of fiduciary duty cannot proceed and should be dismissed. As set forth in the Hadfield Aff. supporting the Motion, much of the information that Apex contends is "confidential" and filed here under seal has been disclosed in public SEC filings. Therefore, reference to those same facts by Alantra in this proceeding could not cause Apex harm or injury.

Moreover, Alantra also asserts a Special Motion to Dismiss the Counterclaims pursuant to G.L. c. 231, § 59H (the Massachusetts anti-SLAPP statute).  The breach of contract and breach of fiduciary duty counterclaims are based solely on Alantra's petitioning activities, and Apex cannot show that Alantra's pursuit here of its right to be paid ▮▮▮▮▮▮▮▮ is devoid of any reasonable factual support or any arguable basis in law. Apex also cannot show Alantra's alleged disclosure of confidential information caused Apex any actual injury.  Accordingly, pursuant to the anti-SLAPP statute, the Apex Counterclaims should be dismissed, and Alantra awarded its reasonable attorney's fees and costs related bringing the Motion.

WHEREFORE, Plaintiff and Counterclaim Defendant Alantra LLC respectfully requests that the Apex Counterclaims be dismissed with prejudice under both Fed. R. Civ. P. 12(b)(6) and pursuant to the Massachusetts anti-SLAPP statute. Alantra requests its reasonable attorneys' fees and costs related to the Special Motion to Dismiss pursuant to G.L. c. 231, § 59H.

**ALANTRA, LLC**

By Its Attorneys,

/s/ Steven J. Torres
Steven J. Torres (BBO#64866)
Torres, Scammon, Hincks & Day, LLP
35 India Street
Boston, MA  02110
P: (617) 206-4894
F: (617) 307-4427
E: storres@tshdlegal.com

Dated: July 24, 2020

## REQUEST FOR ORAL ARGUMENT

Plaintiff and Counterclaim Defendant Alantra LLC respectfully requests that the Court schedule an oral argument to consider the factual and legal issues presented by the Motion.

## RULE 7.1 CERTIFICATION

The undersigned counsel hereby certifies that he participated in a Rule 7.1 Conference by telephone with counsel for Apex on July 7, 2020, but that the parties were unable to resolve or limit the issues presented in the Motion.

*/s/ Steven J. Torres*_____
Steven J. Torres

## CERTIFICATE OF SERVICE

I, Steven J. Torres, hereby certify that on July 24, 2020, I served the above referenced document upon counsel for the Defendant by electronic mail.

*/s/ Steven J. Torres*_____
Steven J. Torres